# Exhibit B

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MISSOURI
 2                          EASTERN DIVISION

 3


 4   UNITED STATES OF AMERICA,    )
                                  )
 5        Plaintiff,              )
                                  )
 6        v.                      )No. 4:22-CR-00062 HEA
                                  )
 7   HUSSEIN KADHIM ABOOD         )
     KHALAF,                      )
 8                                )
          Defendant.              )
 9

10                             FRYE HEARING

11              BEFORE THE HONORABLE HENRY E. AUTREY
                    UNITED STATES DISTRICT JUDGE
12
                            OCTOBER 26, 2022
13

14   APPEARANCES:

15   For Plaintiff:        Colleen C. Lang, Esq.
                           OFFICE OF U.S. ATTORNEY
16                         111 South Tenth Street, 20th Floor
                           St. Louis, MO  63102
17
     For Defendant:        Charles Christopher Lozano, Esq.
18                         2032 Hanley Road, Suite 232
                           O'Fallon, MO  63368
19


20   Interpreter:          Theresa Saikaly (via phone)

21   REPORTED BY:          ANGELA K. DALEY, CSR, RMR, FCRR, CRR
                           Official Court Reporter
22                         United States District Court
                           111 South Tenth Street, Third Floor
23                         St. Louis, MO  63102
                           (314) 244-7978
24

25       PRODUCED BY COURT REPORTER COMPUTER-AIDED TRANSCRIPTION
```

**(PROCEEDINGS STARTED AT 1:10 P.M.)**

**(THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN COURT AND WITH THE DEFENDANT PRESENT.)**

THE COURT: This is the matter of United States of America versus Hussein Kadhim Abood Khalaf, case number 4:22-CR-0062. Are you able to hear me, Ms. Interpreter? Can the interpreter hear me?

THE INTERPRETER: Yes, I'm able, but could you please repeat because there was many noises.

THE COURT: Okay. This is the matter of United States of America versus Hussein Kadhim Abood Khalaf, case number 4:22-CR-0062 HEA. The matter is before the Court today for purposes of hearing on the Government's request for a new trial date and a request for a *Frye* hearing. Defendant is present through and with counsel; the Government is present through counsel.

Mr. Lozano, on behalf of the defendant, are you ready to proceed?

MR. LOZANO: Yes, Your Honor.

THE COURT: And, Ms. Lang, on behalf of the United States, are you ready to proceed?

MS. LANG: Yes, Your Honor.

THE COURT: Okay. So it's the Government's motion, Ms. Lang, so proceed along. And I think the best way to do this since the interpreter is remote by phone is to do small

1 sections at a time as you present your position.

2 MS. LANG: Thank you, Your Honor. The Government
3 requested this hearing today because we filed a motion to
4 continue the trial date and as well we also wanted to have a
5 *Frye* hearing today to put our last offer on the record for the
6 defendant. The case was -- the defendant was complainted and
7 a case was indicted back in January and then February of 2022.
8 The defendant waived his right to pretrial motions, and I
9 believe the first trial date was set June 3rd of 2022. The
10 defense asked for a motion to continue that trial setting as
11 well as the trial that was set in September of 2022. At that
12 time, the attorney for the Government was AUSA Allison
13 Behrens, and she just recently left our office to move to
14 Utah. I entered my appearance just about ten days ago on this
15 case and was not under the impression when I received it that
16 the defendant wanted a trial, and at this point the Government
17 is asking for more time to prepare for trial since the
18 Government attorney is brand new to the case.

19 The case involves a lot of computer evidence,
20 including since the victim received threats via text message
21 and Instagram messages and the IP address was traced back to
22 the defendant, the Government needs time to put all that
23 evidence together in a presentation for the jury. And this is
24 the first time the Government has asked for a continuance in
25 this matter based on the docket that I reviewed. So those are

```
 1   our reasons for a continuance today, Your Honor.  Thank you.
 2          THE COURT:  Mr. Lozano.
 3          MR. LOZANO:  Thank you, Your Honor.  I do not think
 4   the requests are unreasonable; however, I cannot consent to a
 5   continuance, so I will defer to the Court.
 6          THE COURT:  Okay.  Mr. Khalaf, you understood?
 7          THE DEFENDANT:  Yes.  Can I make a comment?  I
 8   understand so probably because it's confusing with the
 9   interpreter, so I can continue without her.
10          THE COURT:  All right.
11          MR. LOZANO:  Mr. Khalaf is very well spoken in
12   English.  We had an interpreter out of abundance of caution;
13   however, he is comfortable he told me proceeding without an
14   interpreter because it's confusing with the delay and what is
15   said since he actually does understand what's being said.
16          THE COURT:  All right.  Do you want to excuse the
17   interpreter at this time, Mr. Khalaf?
18          MR. LOZANO:  Yes, Your Honor.
19          THE DEFENDANT:  Yes.
20          THE INTERPRETER:  No problem, but I'm unable to hear
21   voices.
22          THE COURT:  I'm sorry, you were unable to what?
23          THE INTERPRETER:  It's okay, I'm fine because I'm
24   unable to hear well.
25          THE COURT:  I understand.  The defendant, Mr. Khalaf,
```

1 has indicated that he is satisfied that he no longer needs any
2 interpretive assistance, so I'm going to excuse you at this
3 time, okay?
4     THE INTERPRETER: I'm sorry, what did you say again?
5     THE COURT: I am going to excuse you at this time. I
6 no longer need your service for this case. Thank you.
7     THE DEFENDANT: Yeah, but now it's better. Now I'm
8 able to hear you better.
9     THE COURT: But Mr. Khalaf --
10     THE INTERPRETER: Now it's better.
11     THE COURT: That's great. Mr. Khalaf though feels
12 that he doesn't need an interpreter anymore.
13     THE INTERPRETER: Oh, no need for interpreter
14 anymore?
15     THE COURT: Correct.
16     THE INTERPRETER: Oh, okay. Thank you.
17     THE COURT: Thank you, sir. Thank you so much.
18     On the issue of the continuance, Mr. Lozano, I think
19 that the United States has more than sufficiently established
20 a reasonable and necessary basis for the continuance.
21 Ms. Lang has just recently been assigned the task of
22 prosecuting the case. The original prosecutor, Ms. Behrens,
23 has left her post here in the Eastern District and moved on I
24 believe to Utah; correct?
25     MS. LANG: That's correct, Your Honor.

| | |
|---|---|
| 1 | THE COURT: And as a consequence, Ms. Lang just |
| 2 | received this case. It is, as Ms. Lang indicated and from the |
| 3 | Court's personal knowledge of the case keeping in mind that, |
| 4 | of course, the lawyers know more about it than I do because |
| 5 | you all live with it every day, it is out of the ordinary |
| 6 | because of the complexities involving some technology in being |
| 7 | prepared to utilize and prepare for examination and cross |
| 8 | examination and redirect of witnesses related to that. It's |
| 9 | going to take a little time. It's a little different than |
| 10 | getting a felon in possession of a firearm case on Monday and |
| 11 | having to go to trial with that two weeks later or even a week |
| 12 | later. It's requires a lot more work. |
| 13 | So I'm inclined to grant the continuance, Mr. Lozano, |
| 14 | on behalf of the United States's request, concluding that the |
| 15 | interest of justice not only for the defendant but for the |
| 16 | public is great and considerable and, therefore, it does not |
| 17 | violate the Speedy Trial Act in granting this continuance in |
| 18 | any way, shape, or form. Both parties I think will benefit |
| 19 | from having the additional time to prepare. |
| 20 | Now, on the issue of the *Frye* hearing -- and, of |
| 21 | course, I will get a memorandum out to you all in your e-mail |
| 22 | with the trial date, okay? As to the *Frye* hearing, Ms. Lang, |
| 23 | are you ready to proceed with that? |
| 24 | MS. LANG: Yes, Your Honor. |
| 25 | THE COURT: Go right ahead. Listen carefully, |

1  Mr. Khalaf.

2        MS. LANG:  Thank you, Your Honor.  Last week the

3  Government offered the defendant a written plea agreement that

4  he rejected, but we wanted to put it on the record, and that

5  plea agreement was that the Government was willing to file a

6  superseding information to the crime of blackmail, which is

7  Title XVIII of U.S. Code 873, that carries with it a smaller

8  range of punishment than his current charge of cyber stalking

9  under 2261A, and we had also offered as a part of pleading

10 guilty to blackmail he would get a -- we would request a

11 sentence of time served if he pled guilty to that charge, and

12 we had offered that to him last week and he did reject that,

13 and he's been confined since January 24th of 2022, so he would

14 have -- a time served sentence would be approximately ten

15 months in jail.

16       THE COURT:  Anything else?

17       MS. LANG:  Oh, blackmail is a misdemeanor because the

18 range of punishment is up to one year in prison versus the

19 current charge which we plan to proceed on at trial, cyber

20 stalking, goes up to five years in prison.

21       THE COURT:  Did you hear all that, Mr. Khalaf?

22       THE DEFENDANT:  Yes.

23       THE COURT:  All right.  And have you discussed this

24 fully with your attorney, this offer and method of

25 disposition?

| | |
|---|---|
| 1 | THE DEFENDANT: Yes, Your Honor, I discussed that |
| 2 | with my attorney, Mr. Lozano. I explained like the reason for |
| 3 | my rejection because I believe I'm innocent like when it comes |
| 4 | to those like two charges, and again, the felony or |
| 5 | misdemeanor or everything, I'm here on a student visa and |
| 6 | anything of those will affect my stay like legally here in the |
| 7 | United States. I know I was expelled from school because they |
| 8 | held like three or four hearings. They were calling my number |
| 9 | and I was in jail, and they decided to expel me. So my last |
| 10 | chance to prove my innocence and hopefully go to school -- I |
| 11 | will not be joining St. Louis University anymore. I asked |
| 12 | them to don't expel me so I can move to study in another |
| 13 | school. Those are my reasons. |
| 14 | And again, it's like I am not expert. This is my |
| 15 | first time in jail, first time being in trouble, anything, but |
| 16 | I've seen like people like when they come to American jail, |
| 17 | they have like very bad record sometimes, like violating all |
| 18 | like probation, parole, whatever, and let's say protection |
| 19 | orders sometimes. They come and they offer a misdemeanor, |
| 20 | they leave after one week. I'm here like for nine months. |
| 21 | Like October 24th I was here for nine months. So those are |
| 22 | like my reasons to reject it because I need another chance to |
| 23 | continue my dream to finish my school. |
| 24 | THE COURT: All right. So just so we're clear |
| 25 | though, you understand that going to trial on the felony, if |

```
1   you get convicted of the felony, the range of punishment is up
2   to -- five years?
3           MS. LANG:  That's correct, Your Honor.
4           THE COURT:  All right.  So that would be your
5   exposure of punishment if you are convicted on the felony
6   after trial.  You understand that?
7           THE DEFENDANT:  Yeah, I understand that, Your Honor.
8           THE COURT:  Okay.  All right.  Do you have any
9   questions of Ms. Lang about any of that?
10          THE DEFENDANT:  It's not a question.  It's probably
11  like a comment.  I know like the Government like asked for me
12  to stay in custody because they thought I am a flight risk and
13  they called me like threatening to the community because I
14  merely was going to same school, I am not sure, but I think
15  like she probably like graduated and I am not going to school
16  anymore; right?  And I was probably offered like a misdemeanor
17  and asked like probably to get time served.  So if it's
18  possible like while the delay of the trial if I can get like a
19  bond or something.  That was my only comment.
20          THE COURT:  Is that a comment or a request of
21  Ms. Lang to --
22          THE DEFENDANT:  Probably it's a request because I
23  know like they have their own reasons which they feel like
24  they are true with them, but I feel like I'm not threatening
25  to anyone.
```

```
1        THE COURT:  All right.  I guess the way to really
2   handle this is you can have some additional discussions with
3   your attorney about the bond situation, and if he believes
4   that after that discussion that there is a basis for filing
5   the request for modification or alteration of the bond
6   situation, he will; if, on the other hand, he thinks that it's
7   futile or fruitless to do so, then he won't.  And then if he
8   does file something, I will consider it and go from there,
9   okay?  All right?
10            THE DEFENDANT:  I have one more question if possible.
11            THE COURT:  Yes.
12               (Attorney consults with Defendant)
13            MR. LOZANO:  Your Honor, it's actually something I
14  was going to ask to put on the record with regards to his
15  immigration status, if I may, Your Honor?
16            THE COURT:  Yes.
17            MR. LOZANO:  Your Honor, I'm not an immigration
18  attorney, and as such, I have discussed with Mr. Khalaf that
19  he should consult with an immigration attorney with regards to
20  the impact of any conviction.  I will say that my
21  non-immigration attorney understanding from discussions and my
22  own research is that neither the felony certainly nor a
23  misdemeanor to the charges as presently charged would be a
24  crime of moral turpitude that would result in his deportation;
25  however, none of that is from the standpoint of an expertise.
```

```
 1   It's simply my research.  So I want to make sure he
 2   understands that he should consult.
 3           THE COURT:  All right.  Have you got that,
 4   Mr. Khalaf?
 5           THE DEFENDANT:  Yes.
 6           THE COURT:  Okay.  Anything else, Ms. Lang?
 7           MS. LANG:  No, Your Honor.
 8           THE COURT:  Mr. Lozano?
 9           MR. LOZANO:  No, sir.
10           THE COURT:  All right.  That will conclude this
11   proceeding, and I will get an order with the new trial date
12   out to your e-mail boxes soon.
13           MR. LOZANO:  Thank you.
14           MS. LANG:  Thank you.
15           THE COURT:  The Court's in recess.
16              **(PROCEEDINGS CONCLUDED AT 1:30 P.M.)**
```

12
1                          CERTIFICATE

2

3        I, Angela K. Daley, Registered Merit Reporter and

4   Certified Realtime Reporter, hereby certify that I am a duly

5   appointed Official Court Reporter of the United States

6   District Court for the Eastern District of Missouri.

7        I further certify that the foregoing is a true and

8   accurate transcript of the proceedings held in the

9   above-entitled case and that said transcript is a true and

10  correct transcription of my stenographic notes.

11       I further certify that this transcript contains

12  pages 1 through 11 inclusive and that this reporter takes no

13  responsibility for missing or damaged pages of this transcript

14  when same transcript is copied by any party other than this

15  reporter.

16       Dated at St. Louis, Missouri, this 7th day of March,

17  2023.

18

19

20       _____
         /S/Angela K. Daley
21       Angela K. Daley, CSR, RMR, FCRR, CRR
         Official Court Reporter
22

23

24

25