# Exhibit C

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF MISSOURI
 2                       EASTERN DIVISION

 3
   UNITED STATES OF AMERICA        )
 4                                 )
                 Plaintiff,        )
 5                                 )
        vs.                        ) No. 4:22-cr-00062-HEA
 6                                 )
   HUSSEIN KADHIM ABOOD KHALAF,    )
 7                                 ) December 1, 2022
                 Defendant.        )
 8

 9                TRANSCRIPT OF CHANGE OF PLEA
             BEFORE THE HONORABLE HENRY E. AUTREY
10                UNITED STATES DISTRICT JUDGE

11                       APPEARANCES

12 FOR PLAINTIFF:            Matthew Drake, Esq.
                            U.S. Attorney's Office
13                          111 S. Tenth Street
                            St. Louis, MO  63102
14

15 FOR DEFENDANT:           Charles C. Lozano, Esq.
                            Attorney at Law
16                          2032 Hanley Rd., Suite 232
                            O'Fallon, MO  633689
17

18

19

20

21 REPORTED BY:             Laura A. Esposito, RPR, CRR, CRC
                            U.S. District Court
22                          111 South 10th Street
                            St. Louis, MO  63102
23                          (314) 244-7739
                            Laura_Esposito@moed.uscourts.gov
24
          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
25      PRODUCED BY COURT REPORTER COMPUTER-AIDED TRANSCRIPTION
```

1          *(The following proceedings were held in open court,*

2           *with the defendant present, commencing at 11:33 a.m.)*

3          **THE COURT:**  This is the matter of the *United States of*

4    *America versus Hussein Kadhim Abood Khalaf*, Case

5    Number 22-CR-00062-HEA.  This matter is now before the Court

6    on notice of change of plea.

7          And the parties have provided to the Court a document

8    entitled "Guilty Plea Agreement," which consists of 14

9    pages.  Let the record further reflect that the defendant

10   appears with counsel, Mr. Charles Lozano.  The government

11   appears through Mr. Matthew Drake.

12         Mr. Lozano, on behalf of defendant, are you ready to

13   proceed?

14         **MR. LOZANO:**  Yes, Your Honor.

15         **THE COURT:**  Mr. Drake, on behalf of the United States,

16   are you ready to proceed?

17         **MR. DRAKE:**  Yes, sir, Your Honor.

18         **THE COURT:**  Is there an announcement at this time,

19   Mr. Lozano?

20         **MR. LOZANO:**  Yes, sir.  Pursuant to agreement, my

21   client chooses to withdraw his prior plea of not guilty to

22   the amended charge, enter a plea of guilty.

23         **THE COURT:**  Very well.  Would you raise your right

24   hand, sir, and be sworn in.

25         Madam Clerk, will you administer the oath.

1        (Defendant  sworn by the clerk.)

2        THE COURT:  If you could lean into the microphone

3   there.  Thank you.

4        Would you state your full name for the record, please.

5        THE DEFENDANT:  My name?  Hussein Khalaf.

6        THE COURT:  And did you hear the statement I made at

7   the beginning of this proceeding?

8        THE DEFENDANT:  Yes.

9        THE COURT:  And is that a correct statement of why we

10  are in court today?

11       THE DEFENDANT:  Yes.

12       THE COURT:  And do you understand that, before I can

13  accept your plea of guilty, there are questions I have to

14  ask you to be sure your plea is valid?  So as we go through

15  this, if I say something and you don't hear me, let me know

16  and I'll speak louder.  If I say something and you don't

17  understand me, let me know that and I'll repeat it or

18  rephrase it.  And if you need to speak with your lawyer, let

19  me know that and I will give you the opportunity to talk

20  with him.  Okay?

21       THE DEFENDANT:  Yes.

22       THE COURT:  Also keep in mind that you've taken an

23  oath to answer all these questions truthfully, which means

24  your failure to do so could cause the United States to come

25  back against you with a new indictment for perjury.  Okay?

1      **THE DEFENDANT:**  Yes.

2      **THE COURT:**  Do you have any questions about that?

3      **THE DEFENDANT:**  No, Your Honor.

4      **THE COURT:**  As I understand it from the filings, the

5   plea agreement is to be a plea to a charge in the

6   superseding information to a misdemeanor charge; is that

7   correct?

8      **THE DEFENDANT:**  Yes, Your Honor.

9      **THE COURT:**  And that's your understanding?

10     **THE DEFENDANT:**  Yes.

11     **THE COURT:**  And you've talked about all that with your

12  lawyer?

13     **THE DEFENDANT:**  Yes.

14     **THE COURT:**  And so, you understand that the original

15  charge was a felony, and that charge was brought by the

16  grand jury hearing evidence in the case.  The grand jury

17  will not hear any further evidence on the charge of the

18  misdemeanor.  Do you understand that?

19     **THE DEFENDANT:**  Yes, Your Honor.

20     **THE COURT:**  And is that how you want to proceed?

21     **THE DEFENDANT:**  Yes.

22     **THE COURT:**  Okay.  All right.  How old are you?

23     **THE DEFENDANT:**  I'm 34.

24     **THE COURT:**  And how far in school have you gone?

25     **THE DEFENDANT:**  I was supposed to graduate this

```
 1   summer, sir, with my Ph.D.

 2          THE COURT:  At St. Louis University?

 3          THE DEFENDANT:  Yes.

 4          THE COURT:  Okay.

 5          THE DEFENDANT:  I mean, I'm -- they expelled me, so --

 6          THE COURT:  But that's where you were?

 7          THE DEFENDANT:  Yeah.  Yes.

 8          THE COURT:  Do you have any difficulty hearing?

 9          THE DEFENDANT:  No, Your Honor.

10          THE COURT:  Do you have any difficulty speaking or

11   understanding English?

12          THE DEFENDANT:  I think I can understand well.

13          THE COURT:  Okay.  Have you understood everything

14   that's happened up to this point in time?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Okay.  Have you taken any type of

17   medication before coming to court today that might keep you

18   from understanding what's going on in court today?

19          THE DEFENDANT:  No, Your Honor.

20          THE COURT:  All right.  Have you used any alcohol or

21   drugs before coming to court today?

22          THE DEFENDANT:  No, Your Honor.

23          THE COURT:  Have you used any alcohol or drugs within

24   the last 36 hours?

25          THE DEFENDANT:  No.
```

1      **THE COURT:**  Have you ever been diagnosed as having or
2   treated for having any type of mental illness or mental
3   disease?
4      **THE DEFENDANT:**  No, Your Honor.
5      **THE COURT:**  Have you ever used or taken any kind of
6   medication that might typically be used to treat mental
7   illness or mental disease?
8      **THE DEFENDANT:**  No.
9      **THE COURT:**  How are you feeling today?
10     **THE DEFENDANT:**  I'm feeling good.
11     **THE COURT:**  All right.  And tell me what it is that
12  you want to do with your case in court today.  What do you
13  want to do?
14     **THE DEFENDANT:**  I want to change my plea to guilty
15  according to this agreement.
16     **THE COURT:**  All right, very good.
17     Do you know of any reason, Mr. Lozano, why the Court
18  should not conclude your client competent to proceed at this
19  time?
20     **MR. LOZANO:**  No, sir.
21     **THE COURT:**  Mr. Drake?
22     **MR. DRAKE:**  No, Your Honor.
23     **THE COURT:**  All right.  Let the record reflect that,
24  on the examination of the defendant and inquiry of counsel,
25  the Court now concludes that the defendant is competent to

1 | proceed.

 2 | **(Pursuant to Local Rule 13.05, a bench conference was**

 3 | **held on the record and placed under seal; after**

 4 | **which, the following proceedings continued in open**

 5 | **court:)**

 6 | **THE COURT:** Now, have you had the opportunity to meet

 7 | with your lawyer and talk with him about your case? Have

 8 | you talked with your lawyer about your case?

 9 | **THE DEFENDANT:** Yes, yes.

10 | **THE COURT:** And are you satisfied that you've had

11 | enough time to talk with him about your case?

12 | **THE DEFENDANT:** No.

13 | **THE COURT:** You need more time to talk with him?

14 | **THE DEFENDANT:** I mean I -- I just had like one

15 | question about this.

16 | **THE COURT:** Is that a question for me or question for

17 | your lawyer?

18 | **THE DEFENDANT:** Yes, for you, Your Honor.

19 | **THE COURT:** All right.

20 | **(Defendant and his counsel confer off the record.)**

21 | **THE COURT:** Yes, sir?

22 | **THE DEFENDANT:** I'm good to proceed, Your Honor.

23 | **THE COURT:** Okay. All right. So that the record is

24 | clear, let me ask that last question again so that there's

25 | no confusion in the record.

1      Mr. Lozano has been your lawyer for sometime.  And are
2  you satisfied that you've had enough time to talk with him
3  about your case and get advice from him about your case?
4          **THE DEFENDANT:**  Yes.
5          **THE COURT:**  And have you received advice from him
6  about your case?
7          **THE DEFENDANT:**  Yes.
8          **THE COURT:**  Are you satisfied with all the advice that
9  you've received from him?
10         **THE DEFENDANT:**  Yes.
11         **THE COURT:**  Has he answered all of your questions
12 fully, completely, and to your satisfaction?
13         **THE DEFENDANT:**  Yes.
14         **THE COURT:**  Is there anything that you wanted to know
15 about your case or anything that you needed to know about
16 your case that still confuses you?  Anything you're still
17 confused about in your case?
18         **THE DEFENDANT:**  Yes.
19         **THE COURT:**  All right.
20         **(Defendant and his counsel confer off the record.)**
21         **THE DEFENDANT:**  I'm good to proceed.
22         **THE COURT:**  Okay.  Is there anything about your case
23 that still confuses you?
24         **THE DEFENDANT:**  No.
25         **THE COURT:**  Is there anything about your case that you

1  still do not understand?

2      **THE DEFENDANT:**  No, Your Honor.

3      **THE COURT:**  All right.  Were there any witnesses that

4  you wanted your lawyer to contact that he didn't contact?

5      **THE DEFENDANT:**  No.

6      **THE COURT:**  Was there any investigation that you

7  wanted him to do for you that he didn't do?

8      **THE DEFENDANT:**  No.

9      **THE COURT:**  Was there any information that you wanted

10  him to get from the government regarding your case that he

11  didn't get for you?

12      **THE DEFENDANT:**  No, Your Honor.

13      **THE COURT:**  Was there anything at all that you wanted

14  your lawyer to do for you that he refused to do or failed to

15  do?

16      **THE DEFENDANT:**  No.

17      **THE COURT:**  Are you fully satisfied with the work of

18  Mr. Lozano as your lawyer?

19      **THE DEFENDANT:**  Yes.

20      **THE COURT:**  Do you have any complaints against him in

21  any way as your lawyer?

22      **THE DEFENDANT:**  No, Your Honor.

23      **THE COURT:**  And do you understand that when you plead

24  guilty today you are giving up your right to a trial by

25  jury?

1    **THE DEFENDANT:**  Yes, sir, I understand that.

2    **THE COURT:**  Do you understand that the Constitution

3    and laws of the United States guarantees you the right to

4    have your case decided by a jury of 12 impartial citizens?

5    **THE DEFENDANT:**  Yes, sir, I understand that.

6    **THE COURT:**  And did you talk about all that with your

7    lawyer?

8    **THE DEFENDANT:**  Yes.

9    **THE COURT:**  And as a result of that discussion with

10   your lawyer and all the other discussions that you've had

11   with your lawyer, have you now decided that you want to give

12   up your right to a trial by jury and plead guilty today?

13   **THE DEFENDANT:**  Yes, Your Honor.

14   **THE COURT:**  All right.  Do you understand that if you

15   did go to trial, you would be presumed innocent, and it

16   would be the obligation of the United States to present

17   evidence to prove you guilty beyond -- strike that.

18   Do you understand that if you did go to trial, it

19   would be the obligation of the United States to present

20   competent evidence to prove you guilty beyond a reasonable

21   doubt?

22   **THE DEFENDANT:**  Yes.

23   **THE COURT:**  And do you understand that you wouldn't

24   have to put on any evidence to prove yourself innocent or

25   not guilty?

1    **THE DEFENDANT:**  Yes, I understand.

2    **THE COURT:**  Do you also understand that, if you went

3    to trial, you would be able to confront any and all

4    witnesses that the United States might have against you?

5    **THE DEFENDANT:**  Yes.

6    **THE COURT:**  And do you understand then that you would

7    be able to cross-examine those witnesses as they testified

8    in open court under oath and in front of the jury?

9    **THE DEFENDANT:**  Yes.

10   **THE COURT:**  Do you also understand that at trial you

11   would be able to object to any and all evidence that the

12   United States might have against you?

13   **THE DEFENDANT:**  Yes.

14   **THE COURT:**  And do you also understand that if there

15   was evidence that you wanted to put on to present in the

16   trial in your own behalf, you would have the ability to do

17   that?

18   **THE DEFENDANT:**  Yes.

19   **THE COURT:**  You understand though that the law doesn't

20   require to you put on any evidence for any purpose?

21   **THE DEFENDANT:**  Yes, I understand.

22   **THE COURT:**  Do you also understand that, if you went

23   to trial, you would be able to testify or not testify?

24   **THE DEFENDANT:**  Yes.

25   **THE COURT:**  And do you understand that, if you decided

1  that you did not want to testify, the fact that you did not

2  testify could not be used by anyone for any purpose?

3      **THE DEFENDANT:**  Yes.

4      **THE COURT:**  All right.  Do you have any questions so

5  far?

6      **THE DEFENDANT:**  No, Your Honor.

7      **THE COURT:**  All right.  Do you also understand that,

8  if you go forward with your plea of guilty today and if I

9  accept your plea of guilty today, I will enter a judgment

10 finding you guilty beyond a reasonable doubt and impose a

11 sentence on some future date?

12     **THE DEFENDANT:**  Yes, Your Honor.

13     **THE COURT:**  And do you understand that whatever

14 sentence I impose, it is entirely up to me?

15     **THE DEFENDANT:**  Yes, Your Honor.

16     **THE COURT:**  And do you understand that that's true

17 even though you might have an agreement between yourself and

18 the government on things that relate to sentencing?

19     **THE DEFENDANT:**  Yes, Your Honor.

20     **THE COURT:**  All right.  And, finally, do you

21 understand that when you plead guilty today it means you are

22 giving up your right to not incriminate yourself under the

23 Fifth Amendment of the Constitution of the United States

24 because you will have to admit the facts that create a basis

25 for the charge, the charge in the superseding information,

1   as well as admit that charge itself?

2           **THE DEFENDANT:**  Yes, Your Honor.

3           **THE COURT:**  And is that what you want to do today?

4           **THE DEFENDANT:**  Yes.

5           **THE COURT:**  Okay.  In relation to the charge in the

6   superseding information, have you had the opportunity to

7   review that document and talk about it with your lawyer?

8           **THE DEFENDANT:**  Yes, Your Honor.

9           **THE COURT:**  As a result of that, are you satisfied

10  that you understand everything in the superseding

11  misdemeanor information charge?

12          **THE DEFENDANT:**  Yes.

13          **THE COURT:**  Do you have any questions about that of me

14  or of your lawyer or Mr. Drake?

15          **(Defendant and his counsel confer off the record.)**

16          **THE DEFENDANT:**  No, Your Honor.

17          **THE COURT:**  All right.  And are you also familiar with

18  the range of punishment that the charge carries?

19          **THE DEFENDANT:**  Yes, Your Honor.

20          **THE COURT:**  Did you talk about that with your lawyer

21  also?

22          **THE DEFENDANT:**  Yes.

23          **THE COURT:**  Mr. Drake, what is the range of punishment

24  here?

25          **MR. DRAKE:**  Your Honor, pursuant to the superseding

1  information that is intended to be filed, the maximum

2  penalty provided by law is imprisonment of not more than one

3  year, a fine of not more than $100, or both such

4  imprisonment and fine, and the Court may also impose

5  supervised release of not more than one year.

6      **THE COURT:**  Did you hear everything that Mr. Drake

7  just said?

8      **THE DEFENDANT:**  Yes, Your Honor.

9      **THE COURT:**  And is there anything he said just now

10  that surprised you in any way?

11      **THE DEFENDANT:**  No.

12      **THE COURT:**  All right.  Is anyone forcing to you plead

13  guilty today?

14      **THE DEFENDANT:**  No, Your Honor.

15      **THE COURT:**  Has anyone threatened you to cause you to

16  plead guilty?

17      **THE DEFENDANT:**  No.

18      **THE COURT:**  Has anyone promised you anything in

19  exchange for your plea of guilty?

20      **THE DEFENDANT:**  No, Your Honor.

21      **THE COURT:**  Has anybody made any threats against any

22  of your close friends or family members that caused you to

23  plead guilty today?

24      **THE DEFENDANT:**  No.

25      **THE COURT:**  Has any -- have any of your family members

1   or close friends threatened you or otherwise forced you to

2   plead guilty for some reason?

3       **THE DEFENDANT:**  No, Your Honor.

4       **THE COURT:**  Are you then pleading guilty voluntarily

5   and of your own free will because that's what you want to do

6   in this case?

7       **THE DEFENDANT:**  Yes.

8       **THE COURT:**  All right.  Now, when we started this

9   proceeding I made a reference to the Guilty Plea Agreement.

10  And the last page of the Guilty Plea Agreement shows your

11  name in print with a signature above the printed name.  Is

12  that your signature?

13      **THE DEFENDANT:**  Yes.

14      **THE COURT:**  And before you signed the Guilty Plea

15  Agreement, did you talk about it and review it with your

16  lawyer?

17      **THE DEFENDANT:**  Yes, Your Honor.

18      **THE COURT:**  And as a result of that discussion and

19  review, are you now satisfied that you understand everything

20  in the Guilty Plea Agreement?

21      **THE DEFENDANT:**  Yes, Your Honor.

22      **THE COURT:**  Do you have any questions about anything

23  in the Guilty Plea Agreement?

24      **THE DEFENDANT:**  No, Your Honor.

25      **THE COURT:**  All right.  Mr. Drake, would you tell us

```
 1    what the substance of the Guilty Plea Agreement is as
 2    relates to the rights and obligations of the parties.
 3         Listen carefully.  When he's finished I'll have some
 4    additional questions for you, and then after that we'll talk
 5    about the facts in relation to the charge, and I'll have
 6    questions after that as well.
 7         Mr. Drake.
 8         MR. DRAKE:  Yes, Your Honor.  Permission to approach
 9    the podium?
10         THE COURT:  Sure.
11         MR. DRAKE:  Judge, pursuant to the agreement reached
12    by the parties, the parties are agreeing that, should the
13    Court accept the defendant's plea of guilty to the
14    misdemeanor superseding information, the parties would both
15    jointly request a sentence of time served to the Court.  The
16    Court is not bound by that recommendation.
17         The United States also agrees that there will be no
18    further prosecution, federal prosecution, brought in this
19    district relative to the events that are described in the
20    underlying indictment as well as the superseding information
21    of which the government is aware.  And the United States
22    also agrees that, should the Court accept the agreement and
23    sentence the defendant, to dismiss the underlying
24    indictment.
25         The parties have agreed to certain facts that are laid
```

out on pages 2 through 6 the agreement. We've also made
guidelines recommendations that are not binding on the
Court. I won't belabor those now, but the parties have
agreed to recommend that the total offense level is an
estimated offense level of 18, and that regardless of what
that guideline range is, the sentencing recommendation by
the parties would be for time served.

Further, as part of the agreement, there is an
appellate waiver by both parties. As to the non-sentencing
issues, the parties waive all rights to appeal the
non-jurisdictional, non-sentencing issues, including matters
related to discovery, pretrial motions, the guilty plea
itself. As far as sentencing issues, if the Court accepts
the parties' recommendation and sentences the defendant
either to time served or within the guidelines, the parties
agree to waive the right to appeal those sentencing issues.

The defendant would also be giving up his right to
certain habeas corpus matters, or post-conviction relief
challenges, except for prosecutorial misconduct or
ineffective assistance of counsel.

Furthermore, Judge, the parties understand -- we have
made certain understandings or agreements as to the
possibility of detention. The defendant's immigration
status may be affected by the Guilty Plea Agreement. And
there are other matters that are set forth in terms of the

1   defendant's obligations to meet and confer with various
2   government officials concerning his background and financial
3   situations.
4        If after pleading guilty, Judge, the defendant engages
5   in any misconduct, the parties have agreed that the
6   government may, in its discretion, either proceed with the
7   agreement or advocate for a different sentencing option
8   post-plea, Judge.
9        And, with that, I'll stop there, Judge, unless the
10  Court would like me to go into the factual recitation at
11  this time.
12       **THE COURT:**  No.  That's fine.
13       **MR. DRAKE:**  Thank you, Judge.
14       **THE COURT:**  Did you hear everything that Mr. Drake
15  just said?
16       **THE DEFENDANT:**  Yes, Your Honor.
17       **THE COURT:**  And is there anything that he said just
18  now that confused you in any way?
19       **THE DEFENDANT:**  No, Your Honor.
20       **THE COURT:**  The Court will then approve of the plea
21  agreement as outlined on the record.
22       Has anyone given you a promise or prediction about
23  what your sentence from me is going to be?
24       **THE DEFENDANT:**  No, Your Honor.
25       **THE COURT:**  So, again, you understand that whatever

1    the sentence is, it is entirely up to me?

    2         **THE DEFENDANT:**  Yes, Your Honor.

    3         **THE COURT:**  And knowing that, do you still want to go

    4    forward with your plea of guilty here today?

    5         **THE DEFENDANT:**  Yes, Your Honor.

    6         **THE COURT:**  All right.  Mr. Drake, would you tell us

    7    what the evidence would have been if the matter had gone to

    8    trial that would establish a factual basis for the charge,

    9    the relevant conduct of the defendant, and the basis upon

   10    which one might conclude defendant guilty beyond a

   11    reasonable doubt.

   12         **MR. DRAKE:**  Yes.  Thank you, Your Honor.

   13         As I mentioned earlier, there's a factual recitation

   14    listed in the plea agreement.  It's a number of pages long,

   15    so I won't quote from it directly, but I'll summarize

   16    rather, instead, Judge.

   17         As the Court is aware, Mr. Khalaf was a -- here is a

   18    student.  He was enrolled as a student, previously as a

   19    student, and I think the defendant mentioned he's been

   20    expelled since then.  He was here on a student visa.

   21         At the time he was a student, he was working as a

   22    teaching assistant, and he met an individual identified in

   23    the agreement as E.M., and they engaged in a brief

   24    relationship in December of 2020.

   25         Shortly after that relationship or during its --

1  during the relationship, E.M. began communicating with

2  somebody who she recognized as Almazroui on an Instagram

3  account with the name MOE_19941.  E.M. sent naked pictures

4  and videos of herself to the user of that account.  The user

5  of that account threatened to disseminate those images and

6  videos if she did not agree to have sex with the user of the

7  account.

8          Ultimately, investigators determined that the

9  MOE_19941 account was utilizing an IP address, and that

10  IP address revealed that it was subscribed to by

11  Hussein Khalaf, the defendant's name, at the defendant's

12  address at 1 -- or at 7 -- I'm sorry, excuse me, Judge --

13  4711 Newport Avenue in St. Louis, Missouri, here in the

14  Eastern District of Missouri.

15          Later a series of -- well, later a single fake

16  Instagram account was created in E.M.'s name, and the person

17  who created that account began communicating with E.M. and

18  said that, because they couldn't hack her real account, they

19  decided to create a fake one and communicate with her

20  through that fake account.

21          As the factual recitation goes on, Judge, there were

22  other Instagram accounts that were created that are

23  identified in paragraph (e) and (f) of the plea agreement on

24  page 4.  Those accounts then began to demand things of value

25  of E.M., including having sex with her, also began demanding

1   that she take certain actions and the like.  Those accounts,

2   Judge, ultimately came back to IP addresses that were, once

3   again, registered in the name -- through Charter

4   Communications in the name of Mr. Khalaf, the defendant, at

5   his address on Newport Avenue.

6          Among the communications, Judge, at one point in time

7   Mr. Khalaf, using those accounts, demanded things of value

8   of E.M., including at one point in time $30,000, and also

9   threatened to have her killed if she would not meet the

10  communicator's, or Mr. Khalaf's, demands.  For instance, as

11  the plea agreement describes, it says, "I'm going to start

12  to hurt you now, end your life.  I know your location."  And

13  these communications, Judge, took place from December

14  through February -- December of 2020 through February of

15  2021.

16         All of the accounts that were used to communicate with

17  the victim, E.M., came back to Charter Communications and IP

18  addresses that were subscribed to using -- in the

19  defendant's name and his address.

20         Ultimately, a search warrant was executed, Judge, at

21  Mr. Khalaf's residence, and several devices were seized.

22  Those devices maintained or had on them some of the

23  communications that were sent to E.M., the victim in this

24  case, Judge.

25         Mr. Khalaf, the defendant, was interviewed and he

1    admitted that he was the person who was using the MOE_19941

2    account, and he also noted that he was involved, at least

3    partially involved, in the events that are described in the

4    plea agreement and that I've described to the Court.

5         In summary, Judge, the defendant demanded a thing of

6    value, namely currency and sex from E.M., a thing of value,

7    and he did so under the threat of informing or not informing

8    against her, meaning the release of the images and videos

9    that she had previously sent to the accounts, Judge.

10           **THE COURT:**  Thank you.

11           **MR. DRAKE:**  Thank you, Judge.

12           **THE COURT:**  Did you hear all those facts?

13           **THE DEFENDANT:**  Yes, Your Honor.

14           **THE COURT:**  And are all those facts true and correct?

15           **THE DEFENDANT:**  Substantial true.

16           **THE COURT:**  Do you then agree and admit that you

17   knowingly demanded or received a thing of value?

18           **THE DEFENDANT:**  Yes.

19           **THE COURT:**  Do you also agree and admit that you did

20   so under a threat of informing or as consideration for not

21   informing against a violation of a law of the United States?

22           **THE DEFENDANT:**  Yes.

23           **THE COURT:**  How do you plead to the charge?

24           **THE DEFENDANT:**  Guilty.

25           **THE COURT:**  Do you know of any reason why the Court

1    should not accept your client's plea of guilty, Mr. Lozano?

2         **MR. LOZANO:**  No, Your Honor.

3         **THE COURT:**  Mr. Drake?

4         **MR. DRAKE:**  No, Your Honor.

5         **THE COURT:**  Let the record then reflect that the Court

6    will enter its order, findings, and judgment that the

7    defendant is entering his plea of guilty knowingly,

8    voluntarily, and of his own free will, with full

9    understanding of the nature and consequences of his plea of

10   guilty; and, furthermore, that he's knowingly and

11   voluntarily waiving his right and all rights therein to a

12   trial by jury.  Further finding that the defendant is fully

13   cognizant of the range of punishment applicable to the

14   charge, the Court now accepts defendant's plea of guilty and

15   enters its judgment finding the defendant guilty beyond a

16   reasonable doubt.

17        A presentence investigation report will be ordered.

18   Sentencing is going to be set for March the 2nd at 10:45 in

19   the morning.

20        Anything further, Mr. Lozano?

21        **MR. LOZANO:**  Yes, Your Honor.  If I may approach.

22        Two things.  First of all, I'm requesting that

23   Mr. Khalaf be released on bond pending sentencing.  The

24   recommendations of the -- of both the U.S. Attorney's Office

25   and myself are for time served.  He's already spent ten

1    months almost.  And, in addition, he is going to be
2    petitioning St. Louis University to remain as a student, and
3    so that would assist him in being able to do those things.

4        So I believe they're already in possession of his
5    passport.  And, of course, he has nothing to gain by trying
6    to flee at this point, so I'd request he be released on bond
7    at this point.

8        Second was that I promised him that he could ask a
9    couple of questions that were not related to the plea
10   itself, and that was why we were having that dialogue.
11   Again, I'd like to ask for him to be released today.

12       **THE COURT:**  You'd like to --

13       **MR. LOZANO:**  Ask him to be released today on bond.

14       **THE COURT:**  Mr. Drake?

15       **MR. DRAKE:**  Thank you, Your Honor.

16       Mr. Lozano's correct that the government does not have

17   any objection to the defendant's request for release.  Our

18   understanding is that the defendant has been in custody for

19   approximately 10 months.  As the Court is well aware, the

20   statutory max on this penalty -- or for this crime is 12

21   months, so I think our recommendation of time served and

22   should he be released is an appropriate one, Judge.  Thank

23   you.

24       **THE COURT:**  All right.  Anything else, Mr. Lozano?

25       **MR. LOZANO:**  Not from me, Your Honor.

1    **THE COURT:**  Okay.  I think -- Mr. Lozano, stop at

2    pretrial release on your way out of the building.  If you

3    have any questions they'll give me a call and we'll go from

4    there on the bond issue.

5        **MR. LOZANO:**  Okay, Your Honor.

6        **THE COURT:**  All right?  Is there anything else that

7    you had, Mr. Khalaf?

8        **THE DEFENDANT:**  The question that I had -- I know with

9    accepting this agreement today, it's kind of like to be on

10   my records if -- that I plead guilty and everything.  And I

11   was wondering if the Court decide like, say, to release me

12   on bond or something, I can go to St. Louis University to

13   just appeal my expel from them.  I was wondering if there is

14   a way or -- I don't know how it's going to happen, but like

15   to seal my record and to like -- I can just solve this issue

16   with them, or not possible?

17       **THE COURT:**  I don't think so.  Anything else?

18       **MR. LOZANO:**  No, sir.

19       **THE DEFENDANT:**  That's it, Your Honor.

20       **THE COURT:**  All right.

21       **MR. LOZANO:**  I'll go downstairs.

22       **THE COURT:**  We'll see you on March 2nd, Mr. Khalaf.

23   And you'll go downstairs and chat with the pretrial release,

24   Mr. Lozano, and we'll go from there.  Okay?

25       **MR. LOZANO:**  All right.  Thank you.

1       **THE COURT:**  Thank you.  We'll be in recess.

2       *(Proceedings adjourned at 12:01 p.m.)*

3                              *   *   *   *

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## REPORTER'S CERTIFICATE

I, Laura A. Esposito, Registered Professional Reporter and Certified Realtime Reporter, hereby certify that I am a duly appointed Official Court Reporter for the United States District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and accurate transcript of the proceedings held in the above-entitled case, that said transcript contains pages 1 through 26, inclusive, and was delivered electronically. This reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

Dated at St. Louis, Missouri, this 1st day of February 2023.

_Laura A. Esposito_
Laura A. Esposito, RPR, CRR, CRC
Official Court Reporter